J-M01002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER FREDERICH HOFFMAN | : | |
| | : | |
| Hoffman | : | No. 92 WDM 2025 |

Appeal from the Order Entered November 19, 2025
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000704-2025

BEFORE: STABILE, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED: February 25, 2026**

Alexander Frederich Hoffman ("Hoffman") filed a petition for specialized review ("Petition") of the November 20, 2025 order entered by the Fayette County Court of Common Pleas ("trial court") denying his request for nominal bail pursuant to Rule of Appellate Procedure 1610. After careful review, we affirm.

The Commonwealth has alleged that Hoffman fired two guns at the victim, who lived with him at the same company house, while telling the victim that "he was going to meet his maker." Statement of Reasons for Denial of Bail, 1/7/2026, at 2 ("Statement"). Police arrested Hoffman on April 11, 2025, and the Commonwealth charged him with attempted homicide, aggravated

assault, simple assault, recklessly endangering another person, persons not to possess a firearm, terroristic threats, and several summary offenses.[1]

A magisterial district judge denied bail at Hoffman's preliminary arraignment in April 2025, and the charges were ultimately held over for trial following his preliminary hearing. The trial court denied Hoffman's request for bail in July 2025.

On September 15, 2025, Hoffman filed an omnibus pretrial motion, which included the request for nominal bail that underlies this appeal. The trial court held a hearing on the bail portion of the motion on November 19, 2025, at which Hoffman testified. At the conclusion of the hearing, the trial court denied his request.

This timely petition for review followed.[2] Upon request from this Court, the trial court issued its Statement, and the Commonwealth filed a response to Hoffman's Petition ("Response"). Hoffman presents the following questions for our review:

---

[1] 18 Pa.C.S. §§ 901(a), 2702(a)(4), 2701(a)(3), 2705, 2709(a)(1), 6105(a)(1), 2706(a)(1)).

[2] Hoffman filed his petition for review on December 23, 2025. Although the trial court's decision is dated November 20, 2025, the record reflects that the parties were not served with the bail order until November 25, 2025. **See** Pa.R.A.P. 1602 (providing that a petition for specialized review shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order sought to be reviewed); Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order by a court shall be the day the clerk of the court mails or delivers copies of the order to the parties).

a. Whether the trial court abused its discretion, erred and misapplied the law in contravention of Article I, Section 14 of the Pennsylvania Constitution denying [Hoffman] bail in particular by failing to undertake a qualitative and quantitative assessment of the omission of evidence adduced at the bail hearing that [Hoffman] presented no danger [sic] to any person and the community, which could have been abated by using any available bail conditions?

b. Whether the trial court abused its discretion and erred in failing to consider the exculpatory evidence presented by [Hoffman]?

c. Whether the trial court's decision to deny bail is not supported by evidence?

d. Whether the trial court abused its discretion and erred in failing to consider all the proper factors in coming to its decision to deny bail, including [Hoffman]'s characteristics, age, work history, family and community support, lack or prior significant criminal history, and good behavior while in custody?

Petition at 5 (pagination supplied; suggested answers and unnecessary capitalization omitted). Although Hoffman raises a "multitude of errors," he acknowledges that his issues are interrelated and boil down to "a claim that the trial court abused its discretion and misapplied the law denying him bail." *Id.* at 7 (cleaned up).

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003). Our "scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party."

- 3 -

*Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021).[3]  The trial court's denial of bail should be affirmed "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct."  *Id.*

The right to bail, with certain exceptions, is enshrined in Article I, Section 14 of the Pennsylvania Constitution, which provides, in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great[.]

PA. CONST. art. I, § 14.  As our Supreme Court has observed, "under Article I, Section 14, 'proof is evident or presumption great' constitutes its own unique standard, one that lies in the interstice between probable cause and proof beyond a reasonable doubt.  *Talley*, 265 A.3d at 522 (footnote omitted).  The *Talley* Court thus summarized the circumstances wherein a defendant is not entitled to bail under our constitutional standard:

---

[3]  Unlike in the case at bar, the *Talley* Court considered a request for nominal bail pursuant to Pa.R.Crim.P. 600 (addressing speedy trial rights).  *See* N.T., 11/19/2025, at 11 (defense counsel recognizing there is "no Rule 600 issue").  Nonetheless, our scope of review is controlled by *Talley*, as the substance of the request here is the same, seeking pretrial nominal bail, the decision for which was made following a hearing dedicated to that consideration.  *See* Pa.R.A.P. 2111, *Note* ("'Scope of review' refers to 'the confines within which an appellate court must conduct its examination.'  In other words, it refers to the matters (or 'what') the appellate court is allowed to examine." (quoting *Morrison v. Commonwealth, Dept. of Public Welfare*, 646 A.2d 565, 570 (Pa. 1994)).

[A] trial court may deny bail under Article I, Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or (3) presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26 (footnote omitted).

In reaching a bail decision, the trial court "shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond[.]" Pa.R.Crim.P. 523(A). These factors include:

(1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;

(2) the defendant's employment status and history, and financial condition;

(3) the nature of the defendant's family relationships;

(4) the length and nature of the defendant's residence in the community, and any past residences;

(5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

***Id.***; ***see also Talley***, 265 A.3d at 528.

Where, as here, the denial of bail is to be based upon the defendant's alleged danger to a person or to the community that cannot be allayed with conditions of bail, it is the Commonwealth's burden to "demonstrate[] that it is substantially more likely than not that (1) the accused will harm someone if he is released and that (2) there is no condition of bail within the court's power that reasonably can prevent the defendant from inflicting that harm." ***Id.*** at 525 (emphasis omitted). The most significant factors to consider in a bail case centered on "prospective harms" include, but are not limited to, "the defendant's character, relevant behavioral history, or past patterns of conduct; the gravity of the charged offense; the conditions of bail reasonably available to the court; and any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community." ***Id.*** "If the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." ***Id.*** at 526.

Hoffman contends that the trial court failed to consider evidence of "his characteristics, age, work history, family and community support, lack or [sic]

prior significant criminal history, and good behavior while in custody." Petition at 8. In his view, the trial court misapplied Article I, Section 14 by failing to conduct "a qualitative and quantitative assessment of the utter lack of evidence adduced at the bail hearing that [he] presented no danger [sic] to any person and the community, which could have been abated by using any available bail conditions," specifically, home electronic monitoring. *Id.*

In its Statement, the trial court explained the basis for its decision to deny Hoffman bail:

> This court believes that the [Hoffman]'s prior criminal history is significant to the issue of bail. Admittedly, his most serious prior offense is the 1998 conviction for discharging a firearm into a dwelling. Despite that this offense is from 1998, the fact that a firearm was involved, and discharged into a dwelling, makes this prior offense compelling. The Commonwealth is alleging in this case that [Hoffman] was shooting at victim Joseph Helmecki with two guns. Regardless of the length of time that has passed, the severity of the 1998 conviction weighs heavily against bail for [Hoffman].
>
> In addition, [Hoffman] has no ties to the community, and in fact considers Alabama to be his home state. He cannot return to his address at 160 Kovach Farm Road, as it is the address where the Commonwealth is alleging this incident to have occurred, and is the residence of the victim.
>
> Under the circumstances, the court has rejected any consideration of bail to include electronic home monitoring. Again, [Hoffman] does not have a home in this area, and electronic home monitoring is nothing more than an alert that [Hoffman] is or is not at an assigned location.

Statement at 3; *see also* N.T., 11/19/2025, at 23 (trial court stating its reasons for denying bail on the record at the conclusion of the hearing).

The Commonwealth asserts that the trial court's denial of bail is fully supported by the record and applicable law. Based upon Hoffman's criminal history, the facts underlying the charges at issue, the severity of the crimes with which Hoffman is charged, the potential length of sentence he is facing, his historically nomadic lifestyle, and absence of any ties to Pennsylvania, the Commonwealth asserts that he is a danger to the victim, to the community, and is a flight risk. Response at 4-5.

The record reflects that Hoffman testified at the November 19, 2025 bail hearing. He stated that he is sixty-two years old and lived in Europe and in multiple areas of the United States growing up, depending on where his father was stationed in the military at the time. N.T., 11/19/2025, at 12, 15-16. He has lived in Fayette County, Pennsylvania, for the past six years while working in trucking for the oil and gas industry—three years in Masontown, followed by three years in New Salem—and he works throughout the tristate area. *Id.* at 13-14. He does not consider Pennsylvania his home and has no ties to the area other than through his employment. *Id.* at 16-17, 19. He has an eighty-two-year-old mother who lives in Alabama, a sister in Panama City, Florida, and a brother in Tucson, Arizona. *Id.* at 17. While in New Salem, he lived in company housing, where the victim also lived; Hoffman stated he would only be able to return to that home to gather his belongings. *Id.* at 19. If released on bail, he would need to find somewhere locally to rent or move to Alabama to live with his mother. *Id.* at 17.

When asked about his criminal history on direct examination, Hoffman acknowledged he had a conviction in 1998 for a domestic violence charge. *Id.* at 12. It was not until cross-examination, however, that he admitted that he was charged with discharging a firearm into a residence in 1998 and had an additional charge of grand larceny in 2003. *Id.* at 18-19.[4]

Following our review, we find no support for Hoffman's contention that the trial court failed to consider the evidence presented or the requisite factors in rendering its decision. The trial court considered the factors identified by the *Talley* Court as the most significant in a prospective harm case, including Hoffman's character, his behavioral history (in particular, his criminal history), the seriousness of the charges he is now facing, and the absence of any conditions of bail that could protect the victim and the community. *See Talley*, 265 A.3d at 525. This is the second time Hoffman has faced criminal charges for unlawfully firing a weapon, having been convicted of firing a gun into a residence nearly thirty years ago. The trial court was within its discretion to give great weight to that information as Hoffman is accused of illegally possessing the firearms he used in the instant crime to shoot at the victim, with whom he shared a company residence. Electronic monitoring

---

[4] Although not entirely clear, it appears Hoffman's domestic violence conviction involved him firing a gun into a residence. *See* N.T., 11/19/2025, at 20 (when asked on redirect to explain why he did not mention firing a gun into a residence or the grand larceny charge, Hoffman responded solely regarding the 2003 charge, stating "I didn't think about the rental car").

would only let the probation department know Hoffman's location; it would not ensure the safety of the victim (whose residence is well known to Hoffman) or the rest of the community.

The record likewise supports the trial court's consideration of the remaining Rule 523 factors. Hoffman has nowhere to live in Pennsylvania, as he cannot return to the company home he shared with the victim, and he has no family in, or other ties to, the area. He is accustomed to moving frequently, having done so both in his childhood and as an adult, and has no homebase, so to speak. Although Hoffman testified that his "honor and integrity" provided assurance that he would appear for trial, the trial court was under no obligation to accept that testimony. *See Commonwealth v. Ganjeh*, 300 A.3d 1082, 1088 (Pa. Super. 2023) (when ruling on a pretrial motion, "it is within the [trial] court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony") (citation omitted). Under the circumstances presented, as testified to Hoffman, the record certainly supports a finding that he is a flight risk and the possibility that he would not appear for trial. *See* Pa.R.Crim.P. 523(A).

Viewing the evidence in the light most favorable to the Commonwealth, as we must, we find no abuse of discretion in the trial court's decision to deny Hoffman's request for nominal bail. As such, we affirm the trial court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/25/2026